# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| IN RE:  JERRY SCOTT WILSON LITIGATION | ) ) ) | Master Case No. 3:24-cv-01005 Judge Crenshaw Magistrate Judge Holmes |
| This Document Relates to Both Actions | ) | |

**To: Honorable Waverly D. Crenshaw, Jr., United States District Judge**

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Jerry Scott Wilson's motion for injunctive relief and declaratory judgment (Docket No. 91), to which Defendants Matthew Wright, Travis Lampley, Scott Martin, Riley Dunmyer, and Rutherford County, Tennessee responded in opposition (Docket No. 95). For the reasons set forth below, the undersigned respectfully recommends that the motion be **DENIED**. Further, because Plaintiff did not serve the Third Amended Complaint within the time required by Fed. R. Civ. P. 4(m),[1] the undersigned respectfully recommends that the Third Amended Complaint (Docket No.83) be **DISMISSED WITHOUT PREJUDICE**.

## I.       BACKGROUND

Plaintiff Jerry Scott Wilson initiated this litigation on August 18, 2024 (Docket No. 1) and amended his complaint several times (Docket Nos. 21, 43, 83).[2] Plaintiff originally named Jonathan T. Skrmetti as a defendant, but he was dropped as a party pursuant to Rule 21 of the Federal Rules of Civil Procedure on December 3, 2024. (Docket No. 25.) Plaintiff purportedly brings claims on behalf of himself and his minor daughter, C.W., against Defendants Matthew

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

[2] Because this Report and Recommendation recommends that the Third Amended Complaint (Docket No. 83) be dismissed, the background references are to allegations in the Second Amended Complaint.

Wright, Travis Lampley, Scott Martin, Riley Dunmeyer, and Rutherford County, Tennessee.[3] (Docket No. 43.) Plaintiff's claims center around legal proceedings that took place in the Chancery and Juvenile Courts of Rutherford County, Tennessee, all of which related to Plaintiff's parenting rights with C.W. and his apparently contentious relationship with C.W.'s mother. Plaintiff contends that Tennessee's "gender-biased child custody statutes, the policies and customs of Rutherford County, Tennessee, and the malicious bias of Rutherford County Juvenile Court Magistrate Matthew Wright" damaged his ability to spend time with his daughter and "largely stripped" his "parental legal authority." (*Id.* at ¶¶ 5, 8.)

Plaintiff takes issue with actions taken by the following Defendants, all of whom work for Rutherford County: (1) Magistrate Wright, who presided over the juvenile court proceedings and issued an order on September 7, 2023 granting custody to C.W.'s mother and limiting Plaintiff's parenting time; (2) Judge Lampley, who reviewed and affirmed Magistrate Wright's September 7, 2023 order; (3, 4) Corporal Martin and Deputy Dunmeyer, who filed affidavits of complaint regarding Plaintiff's alleged violations of C.W.'s mother's protective order against Plaintiff; and (5) South, who served as Plaintiff's legal counsel in the underlying Chancery Court proceeding.

Plaintiff brings claims against Defendants for false arrest, malicious prosecution, discrimination on the basis of sex, violation of the right to procedural and substantive due process, violation of the equal rights amendment, and conspiracy. (*Id.* at ¶¶ 182–214, 279-293) He also

---

[3] Plaintiff's Third Amended Complaint named an additional defendant, Daryl South. (Docket No. 83.) Again, however, this Report and Recommendation recommends that the Third Amended Complaint be dismissed for lack of timely service of process. Further, on May 12, 2025, Plaintiff initiated a second lawsuit against Rutherford County and Judge Lampley in this Court. *See Wilson v. Rutherford County, Tenn. et. al.*, Case No. 3:25-cv-00542. On May 23, 2025, the Court found that the two lawsuits were related and had common factual allegations and legal theories. (Docket No. 75.) Accordingly, the Court consolidated the two matters and designated this case as the lead case. (*Id.*)

2

brings separate claims on behalf of himself and C.W. against Defendants for violations of procedural and substantive due process, and discrimination on the basis of sex and marital status. (*Id.* at ¶¶ 215–278.)

Plaintiff also filed a Third Amended Complaint on October 9, 2025 (Docket No. 83), following the Court's Order entered on June 2, 2025 (Docket No. 76) granting his motion for leave to amend (Docket No. 73). In part, Plaintiff's Third Amended Complaint named a new defendant, Daryl South. Following the Court's June 2, 2025 Order, no steps were taken to file the Third Amended Complaint until October of 2025, when Plaintiff's then-counsel requested issuance of a summons to Defendant South on October 8, 2025. (Docket No. 82.)[4] Upon the Clerk's notation that Daryl South was not a named party (Unnumbered Docket Entry of October 9, 2025), Plaintiff's counsel filed the Third Amended Complaint. However, it does not appear that a summons was again requested or issued. Nor does it appear that Daryl South was ever served with process.

## II.    LEGAL STANDARDS AND ANALYSIS

In the instant motion, Plaintiff asks the Court for two forms of relief. First, he asks the Court to grant injunctive relief and restrain Defendant Rutherford County "from further action in the matter of JS-14093, pending final adjudication of the matter now before this court." (Docket No. 91 at 9.) Second, he asks the Court for a declaratory judgment pursuant to 28 U.S.C. § 2201 "affirming the unconstitutionality of Rutherford County Juvenile Court's local rules that serve to limit or impede necessary and equivalent review by appropriate state entities, and the dissolution thereof." (*Id.*)

---

[4] The request was made via a notice for issuance of summons, consistent with the Court's standard practices.

In support of these requests, Plaintiff discusses his concerns with actions taken by both the Juvenile Court of Rutherford County and the Tennessee Board of Professional Responsibility ("BPR"). Plaintiff alleges that the Juvenile Court engaged in the "obstruction" of records and of "any means for review and accountability" with respect to the legal proceedings concerning the custody of his minor daughter. (*Id.* at 6.) He alleges that the BPR "were subjugated in their duty to the citizens of Tennessee in observance of the local rules of Rutherford County." (*Id.* at 9.) Based on an undated email authored by Plaintiff's former counsel to members of what the Court presumes to be the BPR, it appears that Plaintiff attempted to provide certain documents from the "juvenile court case file" concerning his minor daughter to the BPR to support his complaint against the Juvenile Court. (Docket No. 91-1.) However, Plaintiff's counsel was advised not to provide such records as doing so "would constitute a violation of [counsel's] obligation to comply with the juvenile records confidentiality statute (TCA 34-1-153)." (*Id.*)

In response, Defendants argue that the motion should be denied for several procedural reasons. First, Defendants characterize Plaintiff's request as one for a "preliminary declaratory judgment," which is "beyond the power scope of federal judicial authority." (Docket No. 95 at 5 (quoting *Hamama v. Adducci*, 946 F.3d 875, 878 (2020); *Leis v. Am. C.L. Union Found. of Ohio*, 2006 WL 2266248, at *2 (S.D. Ohio Aug. 8, 2006)). They also argue that the requested relief is barred both by the domestic relations exception to federal jurisdiction and by the strong policy against federal intervention in state judicial processes pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* at 6–7). In addition, Defendants assert that, under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over Plaintiff's claims to the extent Plaintiff seeks to enjoin the enforcement of juvenile court orders. (*Id.* at 7.) In addition to procedural arguments, Defendants also contend that the request for injunctive relief should be denied on the merits, in

4

large part because Plaintiff cannot establish a likelihood of success on the merits for his claims or irreparable harm. (*Id.* at 8–11.) Finally, Defendants argue that Plaintiff's motion improperly raises new allegations and matters that exist outside the operative third amended complaint. (*Id.* at 11–12.)

### A.    Injunctive Relief

Rule 65 of the Federal Rules of Civil Procedure governs injunctions and temporary restraining orders. A preliminary injunction is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits. *See Clemons v. Bd. of Educ. of Hillsboro, Ohio*, 228 F.2d 853, 856 (6th Cir. 1956). Its purpose is not to remedy an alleged wrong or to provide preemptive relief to a party but to "preserve the relative positions of the parties until a trial on the merits can be held." *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025) (citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345-46)). An injunction is considered to be extraordinary relief. *See Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). A request for such relief should be granted only if the movant carries a heavy burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The decision to grant or deny injunctive relief falls solely within the discretion of the district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). In exercising its discretion, a court must consider whether the moving party has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d

427, 430 (6th Cir. 2014). Here, Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 239 (6th Cir. 2000). Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown likelihood of success on the merits. *Benisek v. Lamone*, 585 U.S. 155, 158 (2018).

Further, if the plaintiff's claim in the motion for injunctive relief does not relate to the plaintiff's original claim in the complaint, injunctive relief is improper. *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010). Moreover, "[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin*, 605 F.3d at 300 (internal quotations omitted).

Denial of Plaintiff's request for injunctive relief is an appropriate of this Court's discretion.. As an initial matter, the request is properly denied because it is not supported by an affidavit, declaration, or any other type of actual evidence. The issuance of a preliminary injunction is an extraordinary remedy that must be supported by some level of proof. Indeed, the proof required for a party to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary*, 228 F.3d at 739. Thus, a party seeking a preliminary injunction must present "more than 'scant evidence' to substantiate [its] allegations." *Patel v. AR Grp. Tennessee, LLC*, No. 3:20-cv-00052, 2020 WL 5849346, at *4 (M.D. Tenn. Oct. 1, 2020) (quoting *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014)). An unsupported request for injunctive relief, such as the one in Plaintiff's motion, must be denied.

Even if Plaintiff properly supported his motion, which he has not done, it should nevertheless be denied. In essence, Plaintiff asks this Court to tell a separate state court that, until this matter is resolved, it may not take any "further action" in a separate state proceeding. However,

6

Plaintiff has not addressed, let alone shown, that he has a strong likelihood of success on the merits of his claims. He does not state what specific "further action" he believes should be enjoined or why such an enjoinment would be necessary. Further, Plaintiff has not provided the Court with any cogent information concerning the irreparable harm he would suffer without an injunction. In other words, Plaintiff fails to clearly define what his injury would be if an injunction is not entered. Finally, Plaintiff has not sufficiently linked his request for injunctive relief with a particular claim in the Second Amended Complaint.[5] Accordingly, he has failed to "establish a relationship" between the undefined injury in his motion and the conduct asserted in his complaint. For these reasons, the Plaintiff's request for injunctive relief must be denied.[6]

## B.      Declaratory Judgment

Under 28 U.S.C. § 2201, federal courts may, under certain circumstances, enter declaratory judgments which will have "the force and effect of a final judgment or decree and shall be reviewable as such." In other words, declaratory relief may only be provided as a final judgment "probably . . . to avoid the constitutional prohibition on advisory opinions by federal courts, a prohibition which delayed for many years adoption of the Declaratory Judgment Act." *Leis v. Am. C.L. Union Found. of Ohio*, No. 1:06-CV-054, 2006 WL 2266248, at *2 (S.D. Ohio Aug. 8, 2006) (citing *Muskrat v. United States*, 219 U.S. 346 (1911); *Willing v. Chicago Auditorium Assn.*, 277

---

[5] Nor does Plaintiff link the requested injunctive relief with a specific claim in the Third Amended Complaint, to the extent that pleading has any legally operative effect.

[6] Because the Court finds that Plaintiff has not met his burden to demonstrate the need for injunctive relief, the Court will not address Defendants' arguments concerning the domestic relations exception to federal jurisdiction, the extent to which *Younger v. Harris* prevents this Court from intervening in state judicial processes, or the extent to which the *Rooker-Feldman* doctrine is applicable. Nevertheless, Plaintiff should not be under any illusion that he is entitled to injunctive relief by simply refiling a motion that attempts to address the deficiencies detailed herein.

7

U.S. 274 (1928); *Nashville, C & St. L. Ry. Co. v. Wallace*, 288 U.S. 249 (1933)). "Put simply, interim declaratory relief would merely constitute a court's expression of opinion about how it probably will decide the case. However useful such an opinion might be in many instances, it is beyond the power scope of federal judicial authority." *Id. See also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975); *Hamama v. Adducci*, 946 F.3d 875 (6th Cir. 2020) ("The Supreme Court has suggested preliminary declaratory judgment does not exist.")).

Here, Plaintiff asks the Court for a declaratory judgment under 28 U.S.C. § 2201 "affirming the unconstitutionality" of local rules that a separate state court has in place. Once again, this request is not supported by an affidavit, declaration, or any other type of actual evidence. In other words, Plaintiff has not provided any proof to show that these local rules are, indeed, unconstitutional. Further, the Court will not provide a declaratory judgment on a preliminary or interim basis, which is what Plaintiff requests in this motion. For these reasons, the Court recommends denial of Plaintiff's request for a declaratory judgment.

**C.     Dismissal for Failure of Timely Service of Process**

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) also provides that the court may "order that service be made within a specified time." *Id*. Rule 4(m) also directs that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, Plaintiff has had ample time to serve Defendant Daryl South with the Third Amended Complaint, both prior to and following withdrawal of his counsel. Rule 4(m) requires service of process on Defendant South within ninety (90) days of the filing of the Third Amended Complaint

on October 9, 2025 or by no later than January 7, 2026.  Plaintiff's counsel did not move to withdraw until January 21, 2026. (Docket No. 86.)  Nothing in the record shows that Defendant South was served with process prior to this date. Withdrawal was permitted by Order entered on January 23, 2026, which also granted thirty (30) days for Plaintiff to retain new counsel. (Docket No. 87.)  Even after this thirty-day interval, which would have expired on or about February 23, 2026, more than three additional months have passed with no indication that Defendant South has been served with process, despite Plaintiff's attention to other issues in this case.

Plaintiff's engagement in this case is exemplified by his filing of a motion to stay (Docket No. 90) and the subject motion for injunctive and declaratory relief (Docket No. 91).  Yet, there is no demonstration that Defendant South was served with process, as required.  Nor has there been any request for an extension of time for service of process. This Report and Recommendation serves as notice to Plaintiff of the dismissal without prejudice mandated by Rule 4(m).

### III.  RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiff Jerry Scott Wilson's motion for injunctive relief and declaratory judgment (Docket No. 91) be **DENIED** and

2. Plaintiff's Third Amended Complaint be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 4(m).

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(2) and Local R. 72.02(a).  Service of this Report and Recommendation is complete upon mailing.  *See* Fed. R. Civ. P. 5(b)(2)(C). Because service is by mail, Rule 6 adds three (3) days to

after the objections period would otherwise expire, *see* Fed. R. Civ. P. 6(d), making the objections deadline seventeen (17) days of service (the date of mailing). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Any response to the objections must be filed within fourteen (14) days after service of objections.  *See* Fed. R. Civ. P. 72(b)(2) and Local R. 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

10